IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RINGLING DAN COHN, ) <br> ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 10-0490-CV-W-ODS <br> Crim. No. 07-00093-01-CR-W-ODS |

<u>ORDER AND OPINION DENYING MOTION FOR POSTCONVICTION RELIEF
PURSUANT TO 28 U.S.C. § 2255</u>

Pending is Movant's Motion for Postconviction Relief Pursuant to 28 U.S.C. § 2255 (Doc. 1). The motion is denied.

I. BACKGROUND

Movant pled guilty to four counts of bank fraud. Movant breached his plea agreement, resulting in certain guidelines enhancements being applied at sentencing. The Court sentenced Movant to 96 months' imprisonment.

Movant filed a direct appeal arguing his sentence was unreasonable and that the Court erred in finding he had breached his plea agreement. The Eighth Circuit affirmed the finding of breach and dismissed the remainder of the appeal based on the appeal waiver in the plea agreement. *U.S. v. Cohn*, 355 Fed. Appx. 98 (8th Cir. 2009).

II. DISCUSSION

The Court is required to grant Movant an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In his plea agreement, Movant waived his right to appeal or collaterally attack his convictions; he also waived his right

to appeal or collaterally attack his sentence on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence.

"'[T]he concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.'" *Bousley v. U.S.*, 523 U.S. 614, 621 (1998). Movant's waiver of postconviction review should be enforced if it is valid.

Movant's waiver can be enforced if he pled knowingly and voluntarily. *See DeRoo v. U.S.*, 223 F.3d 919, 924 (8th Cir. 2000). On direct appeal, the Eighth Circuit held, "The record reflects that Cohn understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver . . . ." *Cohn*, 355 Fed. Appx. at 99. But it is unclear whether in making its determination the Eighth Circuit considered the claims of ineffective assistance of counsel Movant raises here.

For ineffective assistance of counsel claims, the Court first determines whether counsel's representation fell below an objective standard of reasonableness. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1482 (2010). The Court then asks whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*

Movant claims there were multiple deficiencies of counsel occurring before his plea.[1] Movant mostly argues counsel failed to conduct a reasonable investigation of the evidence. Movant also alleges his counsel was ineffective for failing to object to the search warrant by filing a motion to suppress.

These allegations contradict Movant's sworn statements at the plea hearing. At the hearing, Movant testified he was satisfied with counsel's performance. Movant answered no when asked whether counsel failed to perform any investigation Movant requested of him. Movant answered no when asked whether counsel failed to talk to

---

[1] In determining the enforceability of the postconviction waiver, the Court disregards Movant's other allegations of counsel's post-plea conduct since this could not have affected Movant's decision to plead. *Cf. DeRoo*, 223 F.3d at 924 (holding ineffective assistance claims should not be dismissed on the basis of waiver when they "relate to the *negotiation of, and entry into*, the plea agreement and waiver" (emphasis added)).

2

any witnesses Movant requested him to contact. And Movant answered no when asked whether counsel failed to file a motion to suppress evidence Movant asked him to file.

Movant's sworn statements at the plea hearing "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings." *Nguyen v. U.S.*, 114 F.3d 699, 703 (8th Cir. 1997) (internal quotations and citation omitted). "[Movant] has a heavy burden to overcome those admissions and show that his plea was involuntary." *Id.*

Movant has not carried this heavy burden. The nature of the allegations show Movant was aware at the time he entered his plea of the bases upon which he now challenges it.[2] *See Nguyen*, 114 F3d at 703. "In that situation, one would expect that a defendant promptly would make any challenge he had to the propriety of his plea." *Id.* But Movant made no objection until the Court revoked his conditional release 2 months after the plea.[3] Even during the nearly 5 months between this revocation and sentencing, Movant did not persist in attempting to withdraw his plea. And when given the opportunity to address the Court at sentencing, Movant said he "[took] full responsibility for what [he] had done" and expressed no criticism of counsel or his plea.

The record at the plea hearing supports Movant's expressions of satisfaction with counsel. Counsel negotiated a plea agreement under which Movant would plead guilty to four counts of a sixteen-count indictment and would receive a joint recommendation of a 34-month prison sentence. This was a good bargain, which he later breached. Movant has not shown ineffective assistance with respect to his plea. *See See Nguyen*, 114 F3d at 704; *Smith v. U.S.*, 618 F.2d 507, 510 (8th Cir. 1980) (holding district court properly denied evidentiary hearing on § 2255 claims refuted by transcript of plea proceedings).

---

[2] This is true even of the surveillance video Movant contends the government failed to disclose; the video was reportedly seized from Movant's *own home*.

[3] Movant filed a pro se motion to withdraw his plea alleging the government and counsel promised he would be released if he pled, but this promise is not in the plea agreement and was not mentioned at the plea hearing. Movant also accused his counsel of misrepresenting Movant's back condition to the Court.

Movant further argues his attorney coerced him into pleading guilty. But at the plea hearing, the Court specifically questioned Movant whether anyone had threatened, coerced, or bullied him to plead guilty; Movant answered no. "[Movant's] allegations that he was coerced to plead guilty by false promises by his counsel fails to overcome the 'strong presumption of verity' that attached to statements made in 'open court.'" *Nguyen*, 114 F3d at 704 (citations omitted). For the same reasons, Movant's allegation the government committed prosecutorial misconduct by conspiring with counsel to coerce him to plead guilty fails.

At the plea hearing, the Court advised Movant of the rights he would be waiving by entering a guilty plea, the maximum penalties involved, and the advisory nature of the guidelines. Movant acknowledged his counsel read the agreement to him, that he understood it, and that he was entering the plea voluntarily. Movant also denied any promises were made to him regarding the sentence to be imposed. Movant stated he understood the agreement reached with the government regarding sentencing was not binding on the Court and that he could receive a sentence greater than what he had hoped. And Movant admitted the factual allegations necessary for conviction. The Court holds Movant entered his guilty plea knowingly and voluntarily.

Since Movant's guilty plea was valid, Movant's waiver of postconviction review will be enforced. With two exceptions, the issues Movant raises in his § 2255 motion have been waived.

The two exceptions relate to Movant's challenges to his sentence and have no merit. First, the guidelines offense level enhancements for obstruction of justice and amount of loss did not need to be alleged in the indictment and proven to a jury beyond a reasonable doubt because these facts did not increase Movant's sentence beyond the 30-year maximum provided in 18 U.S.C. § 1344 for bank fraud. *See United States v. Booker*, 543 U.S. 220, 244 (2005). Second, Movant is incorrect that he pled under Fed. R. Crim. Pro. 11(c)(1)(C); the Court specifically clarified at the beginning of the plea hearing the plea agreement did not fall under that provision.

III. CONCLUSION

The motion and the files and records of the case conclusively show Movant is entitled to no relief.  Movant is not entitled to an evidentiary hearing and his motion is denied.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: November 22, 2010                    UNITED STATES DISTRICT COURT